**In re DURASTONE FLEXICORE CORP., Durastone Company, Inc., Debtors.**

**Bankruptcy Nos. 93–10654, 93–10653.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 24, 1993.

Kevin Brill, Providence, RI, Irving D. Labovitz, Springfield, MA, for Debtors Cooley, Shrair P.C.

Michael S. Bearse, Regional Atty., Laborers' Intern. Union of North America, Local 315, Providence, RI.

Gary Donahue, Office of the U.S. Trustee, Boston, MA.

## ORDER DENYING DEBTOR'S MOTION TO MODIFY OR REJECT COLLECTIVE BARGAINING AGREEMENT

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on August 25, 1993, on Debtor's Motion to Modify or Reject Collective Bargaining Agreement with Laborers' International Union of North America, Local 315. Previously, on July 29, 1993, an emergency hearing for interim relief under 11 U.S.C. § 1113(e) was held, wherein relief was denied based upon the Debtor's failure to meet the statutory requirements of that Code section. At the conclusion of said hearing, we ordered the parties to meet and to negotiate regarding the Debtor's proposed modifications, and also *recommended* that the bargaining sessions be recorded. It was known to the parties and discussed at length at the July 28 telephonic emergency hearing, that the collective bargaining agreement at issue expired by its terms on August 3, 1993. The litigants, nevertheless, all agreed and represented to the Court that pursuant to federal law *the terms* of the agreement would remain in effect beyond its expiration date, pending the outcome of the negotiations, and that therefore a final hearing on the Debtor's motion was appropriate and necessary.

The context and posture of the proceedings on August 25th was unduly confusing, however, with both sides apparently assuming that the hearing was still on the request for *interim* relief, even though on July 29 we *denied* that request.

 When addressing the merits of the underlying motion to modify or reject the agreement under § 1113(c), the Debtor

conceded that that section does not authorize the *permanent* modification of a collective bargaining agreement, but allows only for the rejection of such agreements, and then, only in appropriate circumstances. *See In re Alabama Symphony Ass'n* 155 B.R. 556, 571–73 (Bankr.N.D.Ala. 1993); *In re Sun Glo Coal Co.* 144 B.R. 58, 61 (Bankr.E.D.Ky.1992). At the hearing on the merits of such a motion, it is the movant's burden to state a claim for rejection of the agreement under 11 U.S.C. § 1113(c). The Debtor, however, failed to present evidence in support of such request and in fact abandoned its request for termination of the agreement, and argued instead for the continuation of the "relief" granted at the July 29 hearing.[1] Although the Debtor also requests modification of the agreement, as we stated *ante*, § 1113(c) does not authorize the Court to make permanent modifications. The Court's authority to modify an agreement exists only with respect to interim relief under 11 U.S.C. § 1113(e), which has already been denied in this case.

Accordingly, the Debtor's Motion to Modify is DENIED, as is its request for further evidentiary hearing. Said Motion becomes entirely moot in light of the Debtor's abandonment of its request for rejection of the contract.

The Debtor and the Laborers' International Union of North America, Local 315, should proceed in accordance with their respective rights and obligations under federal labor law.

Enter Judgment consistent with this order.

1. Apparently, the parties believed that the Court ordered the continuation of the contract beyond its expiration date as a form of interim relief. At all times however, the Court understood that it was by the parties *agreement* that the terms of the contract continued, by operation of law, until impasse, and this is the premise we assumed on July 28 when the Debtor's request for interim relief was denied.